UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| LAGRANT GREER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0:21-059-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID LEMASTER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

LaGrant Greer is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Greer filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges a prison disciplinary decision. [R. 1]. The Respondent then filed a response to Greer's petition [R. 8] and Greer filed a reply brief [R. 13]. Thus, this matter is ripe for a decision.

Having fully reviewed the parties' submissions, the Court will deny Greer's petition. To be sure, the United States Supreme Court has articulated certain minimum procedures that prison officials must follow before sanctioning an inmate with the loss of good time credit. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). Here, however, the Respondent has demonstrated that Greer did not lose good time credit but rather is challenging the loss of commissary privileges for a limited period of time. [*See* Rs. 8 and 8-1]. As this Court has pointed out, a prisoner generally cannot challenge the loss of such non-custodial privileges by way of a habeas petition. *See Richmond v. Joyner*, No. 7:20-cv-084, 2021 WL 731350, \*1 (E.D. Ky. Jan. 5, 2021). And to the extent the prisoner wishes to challenge such a sanction as an unconstitutional condition of confinement, he should do so via a separate civil rights proceeding, not a habeas action. *See id.*

Finally, Greer suggests that he is challenging an increase in his custody level as a result of his disciplinary conviction. But that claim is also not cognizable in a habeas proceeding, as this Court has pointed out. *See Holroyd v. Beard*, No. 0:20-cv-094-HRW, 2020 WL 5351034, *2-3 (E.D. Ky. Sept. 4, 2020).

Accordingly, it is **ORDERED** as follows:

1. Greer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

    a. To the extent that Greer directly seeks habeas relief, his petition is **DENIED** with prejudice.

    b. To the extent that Greer's submission raises condition of confinement claims, his petition is **DENIED** without prejudice to his right to assert those claims in a separate civil rights proceeding.

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 1st day of September, 2021.



Signed By:
*William O. Bertelsman* WOB
United States District Judge